IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| QUINCY DESHAN BUTLER | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:16-CV-210 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Quincy Deshan Butler, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed without prejudice to petitioner's right to file a Section 1983 civil rights action.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). After filing his objections, the Magistrate Judge ordered petitioner to replead and clarify his claims. After careful consideration of both the response to the order to replead and petitioner's objections, the Court finds the objections lacking in merit.

Petitioner filed this case as a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5.00 filing fee. In the petition, however, petitioner complains of staff misconduct at the

Eastham Unit, alleging staff have impeded his access to courts, destroyed his legal documents, falsified documents, and violated policy in doing so; plaintiff seeks damages.[1]

In his objections, however, plaintiff argued this petition does affect the fact or duration of his confinement as he seeks an injunction order allowing him the opportunity to re-file his state writ habeas petition and allowing him additional tolling to file his writ of habeas corpus. Plaintiff asks this Court to enter an injunction against TDCJ requiring TDCJ to order another trial transcript for plaintiff to use and require the Texas courts to allow him to file a new state writ of habeas corpus.

In the Magistrate Judge's order to replead, petitioner was asked to clarify whether it was his intent to also file a Section 2254 petition directly contesting his conviction and sentence and use the denial of access to courts as a defense to a potential statutory bar or if it was petitioner's intent to seek only an injunction requiring TDCJ to pay for a new trial transcript and ordering the state courts to allow petitioner a new tolling deadline to file another state writ of habeas corpus.

Petitioner responded to the order to replead on February 6, 2017 (docket entry no. 7). Petitioner states specifically, "this is a pleading seeking an injunction requiring TDCJ to pay for a New trial transcript and order the State Court to allow petitioner a new tolling deadline to file his State Writ and Federal Writ if needed and a [sic] opportunity to re-file his State Writ of Habeas which if this request is not granted it would impede with petitioner conviction by not allowing him to prepare a [sic] adequate 11.07 Writ of Habeas Corpus on the State Level." *Id.*

Contrary to petitioner's belief, an action requesting a court to consider an injunction against a party is a civil action requiring the civil action filing fee of $400.00. As currently presented, petitioner's claims do not directly affect the "fact or duration" of his confinement but rather challenges the rules, customs and procedures affecting his confinement in that he argues TDCJ

---

[1] In his objections plaintiff contends that while housed at the Eastham Unit, his trial transcript "came up missing" while he was appealing his state court conviction. He argues that due to this staff misconduct, he was delayed in filing his state writ of habeas corpus. He states further that he had to file his state writ of habeas corpus without the benefit of his trial transcript (docket entry no. 4).

2

denied him access to courts by destroying his trial transcripts and requests TDCJ pay for another trial transcript.

Regardless, the Anti-Injunction Act precludes federal courts from enjoining state court actions with a few exceptions that do not apply here. 28 U.S.C. § 2283. Moreover, the determination of whether the state court will allow petitioner to proceed with a new tolling deadline in filing a new state writ of habeas corpus is solely within the province of the state courts. As to the necessity of the trial transcript in crafting a state habeas application, the Court admonishes petitioner that Texas Code of Criminal Procedure 11.07 does not require an applicant to have these documents in order to file a state application for writ of habeas corpus.

Finally, as outlined by the Magistrate Judge, allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $400.00 filing fee applicable to civil actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Petitioner's objections, therefore, are overruled. Petitioner is free to file a Section 1983 action in order to pursue these claims.

Petitioner has twenty-one (21) days from entry of this order to notify this Court if petitioner chooses to challenge his state court conviction in a § 2254 federal habeas action and assert the issues above as defenses to a potential statutory bar as to his federal petition.

So **ORDERED** and **SIGNED** this **14** day of **March, 2017.**

_____
Ron Clark, United States District Judge