# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| QUINCY DESHAN BUTLER | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-210 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Quincy Deshan Butler, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Background

On May 3, 2019, the Magistrate Judge to whom this case was referred, entered a Supplemental Show Cause Order requiring the Respondent to file a response to petitioner's amended petition (docket entry no. 98). On June 12, 2019, Respondent sought an extension of time to file the supplemental response which was granted on June 18, 2019 (docket entry nos. 102 & 103). Respondent sought a second extension on July 17, 2019 which was then granted on August 5, 2019 (docket entry no. 106 & 108). On August 12, 2019, Respondent filed a third motion for extension of time (docket entry no. 109). On that same day, petitioner filed a motion for default judgment (docket entry no. 110). On August 26, 2019, Respondent filed the Supplemental Response as ordered (docket entry no. 111). Petitioner also requested an evidentiary hearing and his motion for default judgment.

## Analysis

*Default Judgment*

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

As outlined above, Respondent filed two motions for extension of time to file a response which were granted. Although a third motion for extension of time was filed, the response was ultimately filed on August 26, 2019. Petitioner was not prejudiced with the delay. Petitioner's motions for entry of default judgment should be denied.

*Evidentiary Hearing*

In his motion requesting entry of default judgment, petitioner also requested a evidentiary hearing. Petitioner's only reason for requesting a hearing is his belief he was not afforded an opportunity in the state courts and that the state courts "failed to apply clearly established" federal law.

A court, however, shall not conduct an evidentiary hearing unless the petitioner failed to develop a claim in state court, provided that the claim relies on a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and the facts would "establish by clear and convincing evidence" the petitioner's actual innocence. 28 U.S.C. § 2254(e)(2); *see also* Rules Governing Section 2254 Cases 8(a). Petitioner has failed to satisfy the statutory requirements. He has not demonstrated the existence of any factual dispute that warrant a federal evidentiary hearing.

## ORDER

Petitioner's Motion for Entry of Default Judgment and Motion for Evidentiary Hearing (docket entry no. 110) are **DENIED**.

So **ORDERED** and **SIGNED February 6, 2020.**

_____
Ron Clark, Senior District Judge